UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONZA BUSH,

               Petitioner,             Civil No. 15-13199
                                        Honorable Linda V. Parker

v.

LORI GIDLEY,

               Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS, DISMISSING PETITION WITHOUT PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Tyronza Bush ("Petitioner") filed a *pro se* petition for a writ of habeas corpus challenging his state court convictions for two counts of assault with a dangerous weapon, inciting or procuring perjury in a court proceeding, intimidating a witness, and domestic violence. Petitioner was incarcerated at the time he filed his habeas petition and has since been released on parole. Respondent has filed a motion for dismissal of the petition on the ground that Petitioner failed to exhaust his state court remedies for the claims raised in the petition. The Court finds that Petitioner has not exhausted his state court remedies and dismisses the petition without prejudice.

## Background

Petitioner's convictions arise from his assault of his ex-girlfriend, Lindsay Bristol, on February 26, 2011. During an argument, Petitioner "placed a pair of scissors to Bristol's neck and threatened to kill her. He then chased her into her bedroom with a knife, took away her phone, and choked her." *People v. Bush*, No. 311543, at *1 (Mich. Ct. App. Sept. 15, 2015) (unpublished). Petitioner left and Bristol called 911. *Id.* Petitioner was charged with two counts of assault with a dangerous weapon, domestic violence, and being a fourth habitual offender. (Livingston Cty. Cir. Ct. No. 11-019839-FH). Bristol's testimony at the preliminary examination was inconsistent with her earlier statements. *Bush*, No. 311543, at *1. She later told police that she testified inconsistently because Petitioner and his attorney pressured and threatened her. *Id.* Petitioner then was charged in a separate case with witness intimidation, inciting or procuring perjury, and being a fourth habitual offender. (Livingston Cty. Cir. Ct. No. 11-020053-FH). The two cases were tried jointly. At trial, Bristol testified about the assault and the subsequent pressure and threats visited upon her by Petitioner.

A Livingston County Circuit Court jury found Petitioner guilty on all counts. On June 14, 2012, the trial court sentenced Petitioner as a fourth habitual offender to concurrent prison terms as follows: four to fifteen years for each of the two counts of assault with a dangerous weapon; three years and nine months to fifteen

years for procuring perjury; three years and nine months to fifteen years for witness intimidation, and ninety-three days for domestic violence.

On July 26, 2012, Petitioner filed an appeal of right in the Michigan Court of Appeals. Petitioner then filed several motions in the trial court, including a motion to proceed *pro per* on his appeal of right, which the trial court denied on September 18, 2014 after a hearing. (9/18/14 Transcript, ECF No. 13-20.) Petitioner next filed an application for leave to appeal the trial court's denial of his motion to proceed *pro per* in the Michigan Court of Appeals. The Michigan Court of Appeals denied Petitioner's application. *People v. Bush*, No. 324278 (Mich. Ct. App. Jan. 30, 2015). Petitioner filed an application for leave to appeal this decision to the Michigan Supreme Court, which the Michigan Supreme Court denied on June 30, 2015. *People v. Bush*, No. 151253, 498 Mich. 855 (Mich. June 30, 2015).

In the meantime, the Michigan Court of Appeals stayed Petitioner's appeal of right pending the outcome of his self-representation appeal. *People v. Bush*, No. 311543 (Mich. Ct. App. Dec. 17, 2014) (ECF No. 13-21, Pg. ID 2427). After the Michigan Court of Appeals denied Petitioner's application for leave to appeal the denial of his motion to proceed *pro per*, the court *sua sponte* lifted the stay. *People v. Bush*, No. 311543 (Mich. Ct. App. March 20, 2015) (ECF No. 13-21, Pg.

3

ID 2449).  Petitioner sought to appeal the Michigan Court of Appeals' order lifting the stay, but the Michigan Supreme Court denied leave to appeal.  *People v. Bush*, 498 Mich. 855 (Mich. June 30, 2015).

On September 15, 2015, the Michigan Court of Appeals issued a decision affirming Petitioner's convictions in his appeal of right.  *People v. Bush*, No. 311543, 2015 WL 5442777 (Mich. Ct. App. Sept. 15, 2015).  Petitioner did not seek leave to appeal the Michigan Court of Appeals' decision to the Michigan Supreme Court.  (*See* ECF No. 12-1 at Pg ID 391.)

In the meantime, on August 31, 2015, Petitioner filed the pending habeas corpus petition.

## Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 presumes the absence of a genuine issue of material fact for trial.  The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 251-52 (1986).

4

The movant has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). This requires the non-movant to designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Analysis

Respondent seeks summary judgment and dismissal of the habeas corpus petition, arguing that Petitioner failed to exhaust his state court remedies for any of the claims raised in the petition because they were never presented to the Michigan Supreme Court. The Court finds that none of the claims raised in the petition are exhausted.

5

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine requires prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) & (c); *O'Sullivan*, 526 U.S. at 844. To properly exhaust state court remedies, a prisoner must invoke *one complete round* of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. In Michigan, this means a petitioner must present each ground to the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas relief. *See id.* The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

Petitioner sought appellate review in two separate Michigan Court of Appeals cases: his direct appeal of his convictions and his appeal of the trial court's denial of his motion to proceed *pro per*. While Petitioner's appeal of right included the same sixteen claims raised in the pending habeas petition, he never filed an application for leave to appeal the Michigan Court of Appeals' rejection of

6

those claims to the Michigan Supreme Court.  Petitioner, therefore, has not exhausted his habeas claims.

A prisoner is required to comply with the exhaustion requirement provided there is still a state-court procedure available for him to do so.  *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003).  In this case, a procedure is available to Petitioner.  He may filed a motion for relief from judgment in the Livingston County Circuit Court under Michigan Court Rule 6.502.  If that motion is denied, he may seek review by the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal.  Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302.  *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).  However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and that the unexhausted claims are not "plainly meritless."  *Id*. at 277.  The

7

requirements for a stay are not present in this case because the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner.

Petitioner appealed his conviction to the Michigan Court of Appeals, but not to the Michigan Supreme Court. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner's conviction became final when the time for seeking such review expired, November 10, 2015. *See Gonzalez v. Thaler*, -- U.S.--, 132 S. Ct. 641, 653-54 (2012). The one-year limitations period would have commenced the following day, November 11, 2015. Petitioner filed the pending habeas petition on August 31, 2015, before his conviction became final and the one-year clock began to run.

While the time this habeas petition has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004); *see also Hargrove v. Brigano*, 300 F.3d 717, 720 (6th Cir. 2002). The limitations period also will be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

8

Assuming Petitioner promptly files an appropriate post-conviction motion in the state court, he will have ample time to file a habeas petition (if necessary) after the conclusion of proceedings in the state trial and appellate courts.  Thus, Petitioner has not shown the need for a stay and a non-prejudicial dismissal of the habeas petition is appropriate.

### Conclusion

For the reasons stated, the Court **GRANTS** Respondent's Motion for Summary Judgment and Dismissal of the Petition for Writ of Habeas Corpus (ECF No. 12) and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Reasonable jurists could not debate the correctness of the Court's finding that the petition contains only unexhausted claims and that a stay is unwarranted. Accordingly, the Court **DENIES** Petitioner a certificate of appealability.

9

The Court **DENIES AS MOOT** Petitioner's Motions for Leave, Discovery, and Expedited Consideration (ECF Nos. 5, 10).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager